**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS J. MURPHY, III and | : | CIVIL ACTION |
| JEFFREY LAM | : | |
| Plaintiffs | : | NO. |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| and | : | |
| U.S. DEPARTMENT VETERANS AFFAIRS | : | JURY TRIAL DEMANDED |
| and | : | |
| LAWRENCE U. BUXBAUM | : | |
| Defendants | : | |

## COMPLAINT IN CIVIL ACTION

1.      Plaintiff, Thomas J. Murphy, III, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2626 E. Albert Street, Philadelphia, PA 19125.

2.      Plaintiff Jeffrey Lam is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2626 E. Albert Street, Philadelphia, PA 19125.

3.      Defendant, Lawrence U. Buxbaum, is an adult individual and citizen of the State of New Jersey residing at 79 Bryn Mawr Avenue, Lansdowne, PA 19050.

4.      Defendant United States of America (hereinafter referred to as the "United States") is the party that maintains the U.S. Department of Veterans Affairs and its divisions and subdivisions.

5.      The United States Department of Veterans Affairs is an entity maintaining an address at 3900 Woodland Avenue, Philadelphia, PA 19104 and did operate a 2011 Ford Focus by and through its employees and/or agents including defendant Lawrence U. Buxbaum.

6.      Defendant United States of America (hereinafter referred to as the "United States")

is the party that maintains the Department of Veterans Affairs and its divisions and subdivisions.

7.     Defendant United States of America, Department of Veterans Affairs (hereinafter referred to as "USA-VA" acted by and through their agents and employees, actual and/or apparent, who at all relevant times, were acting within the course and scope of their employment and/or agency.

## JURISDICTION AND VENUE

8.     Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. § 1331 as this is an action which arises under the laws of the United States.

9.     Venue is proper in this Court pursuant to 28 U.S.C.A. § 1402 as the plaintiffs reside in this district and   a substantial part of the events or omissions giving rise to the claim occurred within this district and the defendants are subject to the court's personal jurisdiction within this district.

10.     The above captioned matter is being brought against the United States of America pursuant to 28 U.S.C. § 2671, *et seq.*, Federal Tort Claims Act, and 28 U.S.C. §1346(b)(1) for money damages, compensation for personal injuries that were caused by the negligence and wrongful acts and omissions of the employees of the United States Government while acting within the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Pennsylvania.

11.     Over six months have passed since the United States of America acknowledged receipt of the Standard Form 95.

12.     At the time of this filing, the United States of America, Department of Veterans Affairs have denied the claim and/or have taken no action since the presentation of the claim and all conditions precedent to the Federal Tort Claims Act have been properly met.

**COUNT I**

**PLAINTIFF JEFFREY LAM v. DEFENDANTS**

13.     On or about October 27, 2015, Plaintiff, Thomas J. Murphy was the operator of a vehicle traveling southbound on Belgrade Street in Philadelphia and was stopped at a stop sign. As he was pulling out from the stop sign after stopping, Defendant Lawrence U. Buxbaum, who was traveling west on Westmoreland Street, failed to a stop, striking the front end of the Murphy vehicle.

14.     On or about October 27, 2015, Plaintiff, Jeffrey Lam was a passenger seat-belted in the front passenger seat of the vehicle being driven by Plaintiff Thomas Murphy when it was struck on the front end by Defendant Lawrence U. Buxbaum.

15.     As a direct and proximate result of Defendant's carelessness and negligence, Plaintiff, Jeffrey Lam incurred permanent and serious injuries to the lower back and nerve injuries and/or aggravation of conditions.

16.     As a direct and proximate result of Defendant's carelessness and negligence Plaintiff Jeffrey Lam has suffered great pain, suffering, and embarrassment.

17.     As a further direct and proximate result of Defendant's carelessness and negligence, Plaintiff Jeffrey Lam has been required and may continue to require hospital, medical, surgical, nursing care and treatment for the injuries described above, all to his great detriment and loss, financial and otherwise.

18.     As a further direct and proximate result of Defendants' negligence and carelessness, Plaintiff Jeffrey Lam has been in the past and will in the future be unable to attend to or perform his normal duties.

**WHEREFORE**, Plaintiff Jeffrey Lam requests judgment in his favor in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, delay damages, costs, and such other remedy as seen fit by this court.

## COUNT II
## PLAINTIFF THOMAS MURPHY v. DEFENDANTS

19.     Plaintiff incorporates by reference paragraphs 1 through 18 as if same were set forth at length herein.

20.     As a direct and proximate result of Defendants' carelessness and negligence, Plaintiff, Thomas Murphy incurred permanent and serious injuries including but not limited to injuries of the cervical spine, arm, shoulder and headaches.

21.     As a direct and proximate result of Defendant's carelessness and negligence Plaintiff Thomas Murphy has suffered great pain, suffering, and embarrassment.

22.     As a further direct and proximate result of Defendant's carelessness and negligence, Plaintiff Thomas Murphy has been required and may continue to require hospital, medical, surgical, nursing care and treatment for the injuries described above, all to his great detriment and loss, financial and otherwise.

23.     As a further direct and proximate result of Defendants' negligence and carelessness, Plaintiff Jeffrey Lam has been in the past and will in the future be unable to attend to or perform his normal duties.

**WHEREFORE**, Plaintiff Thomas Murphy requests judgment in his favor in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, delay damages, costs, and such other remedy as seen fit by this court.

**SOLOFF & ZERVANOS**

BY: _____
JEFFREY P. FRITZ
Counsel for Plaintiffs

1525 Locust Street, 8th Floor
Philadelphia, PA 19102

Date:   October 23, 2017